UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIYAM AKMAL,<br><br>        Plaintiff,<br><br>    v.<br><br>GLOBAL SCHOLAR, et al.,<br><br>        Defendants. | CASE NO. C14-1859JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME IN WHICH TO EFFECT SERVICE |

## I. INTRODUCTION

Before the court is pro se Plaintiff Mariyam Akmal's motion for an extension of time in which to effect service on the defendants in this action. (Mot. (Dkt. # 6).) Having reviewed the motion, the balance of the record, and the relevant law, the court denies Ms. Akmal's requested extension but grants a more limited extension as described below.

ORDER- 1

## II. BACKGROUND

On December 8, 2014, Ms. Akmal filed a motion for leave to proceed in forma pauperis ("IFP") and a proposed complaint. (IFP Mot. (Dkt. # 1); *id.* Ex. 1.) The next day, United States Magistrate Judge James P. Donohue granted Ms. Akmal's motion for IPS status (IFP Order (Dkt. # 3)), and Ms. Akmal filed her complaint against Defendants Global Scholar ("Global") and Craig Chesser (Compl. (Dkt. # 4)). The complaint alleges "interference with a contractual relationship[,] including an employment or housing contract" in violation of 42 U.S.C. § 1981; "religious, racial, gender and age discrimination" in violation of Title VII, 42 U.S.C. § 2000e; "unfair employment inquiries" in violation of RCW 49.60.180(4) and RCW 49.60.200; and "retaliation for engaging in protected activity in connection with complaints filed [and] the Plaintiff's participation in the ongoing civil rights investigations with the [Washington] Human Rights Commission [and] the [Equal Employment Opportunity Commission] which continue to date and involve the Defendant(s) [sic] as well as other Defendants not yet named." (*Id.* at 2.) Ms. Akmal further claims that Defendants' actions created a hostile work environment and caused her "to suffer harm in the form of numerous specific lost, withheld or denied job opportunities[.]" (*Id.* at 3.)

On April 2, 2015, Ms. Akmal filed her motion for an extension of time. The motion requests "an additional 120 days in which to [e]ffect service upon the Defendants and to correct the caption in order to correctly identify the names of all of the defendant(s) [sic]." (Mot. at 1.) The basis for this request is that Ms. Akmal "has recently acquired the services of an attorney who may be able to help and/or represent

ORDER- 2

her, but the attorney has not had sufficient time in which to adequately review her case." (*Id.*)  Ms. Akmal's motion is now before the court.

### III.   DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  Ms. Akmal filed her complaint on December 9, 2014. (*See* Compl.)  As such, she must complete service by April 8, 2015, unless she shows good cause for failing to do so.  *See* Fed. R. Civ. P. 4(m).  She asks for an additional 120 days because she has recently retained an attorney who requires more time to review her case.  (*See* Mot. at 1.)

The court finds that allowing Ms. Akmal's recently retained counsel further time to review her case constitutes good cause for a modest extension of 30 days.  Ms. Akmal's complaint alleges employment discrimination and suggests that the allegedly offending entities and individuals are likely her former colleagues, supervisors, or employers.  (*See* Compl. at 2-3.)  A 30-day extension should provide ample time for Ms. Akmal's new counsel to review the case, identify additional defendants, and effect service.  A 120-day extension, on the other hand, would double the normal period for service and could result in an approximately eight-month delay between the filing of the complaint and service on the defendants.  Ms. Akmal has not demonstrated good cause

ORDER- 3

for such a long extension of the already considerable period for service that Federal Rule of Civil Procedure 4(m) provides.

Accordingly, the court denies Ms. Akmal's request for a 120-day extension of the time for service but grants a limited extension of 30 days. Ms. Akmal must therefore complete service by May 8, 2015. If she fails to do so, the court will dismiss—on its own initiative and without prejudice—the claims against any named defendant that Ms. Akmal has not yet served. *See* Fed. R. Civ. P. 4(m). Furthermore, the court notes that it is not inclined to grant additional extensions of this deadline absent a detailed and persuasive demonstration of good cause.

## IV.     CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Akmal's motion for an extension (Dkt. # 6) and GRANTS Ms. Akmal an additional 30 days in which to effect service. In addition, the court gives NOTICE to Ms. Akmal under Federal Rule of Civil Procedure 4(m) that the court will dismiss without prejudice the claims against any named defendant that Ms. Akmal has not served by May 8, 2015.

Dated this 6th day of April, 2015.

JAMES L. ROBART
United States District Judge